IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSQUEHANNA INTERNATIONAL GROUP, LLP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD PFEIL, PFEIL ELECTRONIC TRADING, ) <br> LLC, NCX LCC, NT PROP TRADING LLC, ) <br> NT FINANCIAL GROUP, LLC, and LARRY NOCEK, ) <br> ) <br> Defendants. | Case No.: 07-CV-7269 |

### DEFENDANT NT PROP TRADING, LLC'S MOTION TO DISMISS

Defendant, NT Prop Trading, LLC ("NT Prop"), by and through its undersigned counsel, for its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), states as follows:

1. On December 27, 2007, Plaintiff, Susquehanna International Group, LLP ("SIG") filed its complaint in this action. The Complaint alleges claims under Illinois law but is allegedly before this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

2. Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for dismissal of claims over which the federal court lacks subject matter jurisdiction. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *See Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

3. For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). If even one of the members of an LLP or LLC plaintiff is a citizen of the same state as one of the

defendants, the suit cannot be maintained as a diversity suit. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

4. An LLC must identify the citizenship of each of its members as of the date the complaint was filed, and, if those members have members, the citizenship of those members as well. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

5. In the instant case, SIG, a limited liability partnership, has failed to fully identify the citizenship of its membership. The Complaint states that "SIG's two partners are a Delaware corporation with its principal place of business in Pennsylvania and a Pennsylvania *limited liability company* with its principal place of business in Pennsylvania. SIG is therefore a citizen of Delaware and Pennsylvania." Complaint, attached hereto as Exhibit A, at ¶ 3 (emphasis added).

6. SIG has failed to identify the members of its member limited liability company and, therefore, failed to establish that the requirements for diversity jurisdiction have been met in this case. Accordingly, the Complaint must be dismissed for lack of jurisdiction over the subject matter pursuant to Fed. R. Civ. Pro. 12(b)(1).

Date: March 27, 2008

Respectfully submitted,

**NT PROP TRADING, LLC**,
a Defendant

By: _____s/ Brenda M. Allison_____
    One of Its Attorneys

David S. Ruskin (ARDC No. 6207596)
Brenda M. Allison (ARDC No. 6277040)
**HORWOOD MARCUS & BERK CHARTERED**
180 North LaSalle, Suite 3700
Chicago, Illinois  60601
(312) 606-3200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DEFENDANT NT PROP TRADING, LLC'S MOTION TO DISMISS** has been filed electronically this 27th day of March, 2008. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and by Federal Express and by Messenger. Parties may access this filing through the Court's electronic filing system.

**BY FEDERAL EXPRESS**

Larry H. Spector, Esq.
Kaufmann, Coren & Ress, P.C.
1717 Arch Street, Suite 3710
Philadelphia, PA 19103-2097

**BY MESSENGER**

Warren von Credo Baker, Esq.
Drinker Biddle & Reath, LLO
191 North Wacker Drive, Suite 3700
Chicago, IL 60606

_____s/ Brenda M. Allison_____