**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| SUSQUEHANNA INTERNATIONAL GROUP, LLP )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD PFEIL )<br>)<br>Defendant. )<br>) | Civil Action No. 07-cv-7269 |

**MOTION OF PLAINTIFF SUSQUEHANNA INTERNATIONAL GROUP LLP
FOR LEAVE TO DROP ALL DEFENDANTS AS
PARTIES EXCEPT RICHARD PFEIL**

Plaintiff Susquehanna International Group, LLP ("SIG") hereby moves pursuant to Fed. R. Civ. P. 21 that the Court enter an order dropping and dismissing all defendants named as parties in the original Complaint other than defendant Richard Pfeil. The grounds for the motion are as follows:

1. SIG filed its original Complaint his action on December 27, 2007 naming six defendants and alleging jurisdiction based on diversity of citizenship.

2. On March 19, 2008 all six defendants were sent requests to waive service. Until March 27, except for defendant NT Prop Trading LLC ("NT"), no defendant took any action either in response to the waiver request or otherwise with respect to the Complaint.

3. On March 27, 2008 NT gave notice of its intent to move to dismiss for lack of subject matter jurisdiction. It did so on the basis that the Complaint alleged that

SIG was a limited liability partnership having as one partner "a Pennsylvania limited liability company" without naming and alleging the citizenship of each of the members of that limited liability company. NT argued that the failure to allege the citizenship of those members required dismissal.

4. In that no responsive pleading had been served, SIG was entitled as a matter of course to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). Assuming arguendo the merit of NT's motion, SIG sought to cure any defect and moot the NT motion to dismiss by filing on March 31, 2008 an Amended Complaint, Exhibit A hereto. The Amended Complaint

    a. identifies SIG Holding, LLC, the Pennsylvania limited liability company focused upon by NT as a partner of SIG, and alleges the citizenship of each of its nine members. It alleges that as a result of changes made in 2007 respecting the ownership of SIG Holding, and as of the filing of this action, those members included two corporations which are citizens of Florida;

    b. drops as parties all defendants other than Richard Pfeil, including movant NT and defendant Larry Nocek. It is Nocek who was alleged in the original Complaint to be a citizen of Florida. The Amended Complaint drops all defendant entities to which his Florida citizenship may be attributable and thereby drops all conceivably non diverse defendants.

5. On April 1, 2008, this Court granted an oral motion for leave to file the Amended Complaint and denied as moot the NT motion to dismiss.

6. Richard Pfeil was served with the Amended Complaint on April 18, 2008.

7. The dropping of the parties other than Pfeil and the resulting preservation of diversity jurisdiction is likely already effective as a result of the filing of the Amended Complaint. *Jass v. Prudential Health Care Plan, Inc.*, 88 F. 3d 1482, 1492 (7th Cir. 1996) (where an amended complaint is filed diversity jurisdiction depends on facts alleged in the amended complaint); *Wellness Community-National v. Wellness House*, 70 F. 3d 46, 49 (7th Cir. 1995); *Schur v. LA Weight Loss Centers*, 2007 WL 685703, *2 (S.D. Ill. 2007). SIG nonetheless seeks a formal order pursuant Rule 21 in order to guard against any requirement that Rule 21 must be followed in order to drop parties as a means of retaining diversity jurisdiction. *See* 7 Wright, Miller and Kane, Federal Practice and Procedure § 1685 (3d ed.) ("Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if the party's presence in the action is not required under Rule 19.")

8. Pursuant to Fed. R. Civ. P. 21 "[p]arties may be dropped or added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." That rule empowers a district court to dismiss, at any stage of the proceedings, a dispensable party whose presence destroys complete diversity, if such dismissal is necessary to preserve diversity jurisdiction and would not harm other parties. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832, 109 S. Ct. 2218, 2223 (1989); *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 529 (7th Cir.2002) ("a want of complete diversity can be cured by dropping the party that made diversity incomplete").

9. The dropped parties are dispensable because, *inter alia*, the recovery sought in the Amended Complaint is limited to amounts for which only Richard Pfeil is

liable. Eliminating the dropped parties at this most preliminary stage of the litigation where NT, now dropped, was the only defendant which had entered an appearance, will not prejudice Richard Pfeil as the only remaining defendant.

Dated: May 9, 2008

          /s/ Warren von C. Baker
One of the Attorneys for Plaintiff

Warren von C. Baker (0099406)
Gregory Hosé (6291642)
DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive, Suite 3700
Chicago, Illinois 60606-1698
Tel. 312 569 1000
Fax 312 569 3000

Larry H. Spector
KAUFMAN, COREN & RESS, P.C.
1717 Arch Street, Suite 3710
Philadelphia, PA 19103-2097
(215) 735 8700
(Pro hac vice)
Attorneys for Plaintiff,
Susquehanna International Group, LLP