**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| SUSQUEHANNA INTERNATIONAL ) <br> GROUP, LLP ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Civil Action No. 07-cv-7269 <br> RICHARD PFEIL ) <br> Defendant. ) | |

**MEMORANDUM OF PLAINTIFF SUSQUEHANNA INTERNATIONAL GROUP
LLP IN SUPPORT OF ITS MOTION FOR LEAVE
TO DROP ALL DEFENDANTS AS PARTIES EXCEPT RICHARD PFEIL**

**INTRODUCTION**

On March 27, 2008 the only one of the six defendants to appear in this diversity action, NT Prop Trading LLC ("NT"), gave notice that it would move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) because the Complaint did not allege the citizenship of a constituent member of plaintiff Susquehanna International Group, LLP ("SIG"). SIG, before any responsive pleading was filed, filed an Amended Complaint (Ex. A hereto) spelling out the previously omitted citizenship allegations. In that those allegations would have made SIG non diverse with respect to any defendant with Florida citizenship and in order to preserve diversity, the Amended Complaint also dropped as a defendant, movant NT Prop Trading LLC and all other defendants other than the diverse defendant Richard Pfeil.

At a status conference on April 1, 2008 this Court granted an oral motion for leave to file the Amended Complaint and denied as moot the NT motion to dismiss. See ,

Ex. B hereto, Minute Entry at Dock. # 18. Since the Amended Complaint alleges complete diversity, it should serve to sustain this Court's jurisdiction over the subject matter. Authorities suggest, however, that in order to confirm diversity jurisdiction, it may also be necessary that the court enter an order dropping and thereby dismissing all the original defendants other than Mr. Pfeil pursuant to Fed. R. Civ. P. 21. This memorandum therefore serves as support for such an order.

## PROCEDURAL BACKGROUND

SIG filed this action on December 27, 2007 in order to preserve a fraudulent transfer claim which may have been subject to a January 2008 statute of limitations expiration. The maturity of that claim turns on whether SIG prevails on the pending decision in a bench trial concluded in July 2007 in the Eastern District of Pennsylvania, Fishkin v. Susquehanna et al, (E.D. Pa. No. 03-3766). That case alleged, inter alia, that the defendants profited by misappropriating SIG trade secrets. The case filed in this court addressed how varying amounts of the wrongfully earned profits were allegedly fraudulently transferred to Richard Pfeil and other defendants named in the original Complaint herein.

Although the result in the Eastern District litigation could render this action unnecessary, pending the outcome, SIG had no choice but to file this action and to proceed on March 17, 2008 with requests for waivers of formal service. As of the April 1, 2008 status conference herein there had been no response to the waiver request or action taken by any defendant other than the notice of the motion to dismiss served by NT on March 27, 2008.

NT's motion pointed out that the Complaint pleaded that one of SIG's two partners was a Pennsylvania limited liability company without alleging the citizenship of

the members of that company, citing *Thomas v. Guardsmark, LLC*, 487 F. 3d 531, 534 (7th Cir. 2007). On March 31, 2008, SIG filed an Amended Complaint spelling out the previously omitted allegations, which showed that its limited liability company partner was a citizen of Pennsylvania, Delaware and Florida. (Am. Compl. ¶ 3) In that the Florida citizenship would have destroyed diversity, SIG simplified the case by leaving only one defendant in the Amended Complaint, Richard Pfeil, and seeking only the amount of profits fraudulently transferred to him. He is alleged to be a citizen of Wisconsin (Am. Compl. ¶ 4) and as such there is complete diversity of citizenship between he and SIG.

## ARGUMENT

### I. The Amended Complaint Cured Any Defect Respecting Diversity Jurisdiction

Fed. R. Civ. P. 15(a)(1) provides that a "party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading." The NT motion to dismiss did not constitute a responsive pleading. *Johnson v. Dossey*, 513 F. 3d 778, 780 (7th Cir. 2008); Fed. R. Civ. P. 7 (listing allowed "pleadings").

Based on Rule 15(a) -- and the Court's granting SIG's oral motion for leave to amend at the April 1, 2008 status conference -- the Amended Complaint alleging complete diversity between plaintiff SIG and defendant Pfeil is now the operative pleading in the case. Once it was filed it superseded the original Complaint; the original Complaint had no function in the case; and most important, the Amended Complaint, not the original, became the basis for all inquiry regarding diversity jurisdiction. *Wellness Community-National v. Wellnesss House*, 70 F. 3d 46, 49 (7th Cir. 1995). As stated in *Jass v. Prudential Health Care Plan Inc.*, 88 F. 3d 1482, 1492 (7th Cir. 1996), "federal

jurisdiction 'ordinarily depends on the facts as they exist when the complaint is filed,' *Newman-Green Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830, 109 S. Ct. 2218, 2222 . . . (1989), <u>or where an amended complaint is filed based on the amended complaint</u> . . ." (citing *Wellness House*, supra; emphasis added). *See Schur v. L.A. Weight Loss Centers, Inc.* 2007 WL 685703, *2 (S.D. Ill. 2007)( "the Court is to determine federal jurisdiction *solely* based on the amended complaint"); *Perez v. Arcobaleno Pasta Machines, Inc.*, 261 F. Supp. 2d 997, 999 (N. D. Ill. 2003).

## II. An Order Dropping Defendants to the Original Complaint Other Than Richard Pfeil Is Appropriate Pursuant to Fed. R. Civ. P. 21.

Although a party may amend a pleading in order to drop parties, 3 Moore's Federal Practice § 15.16[1] at p. 15-62 (3d ed.), there is some question whether it is appropriate to do so by amending as a matter of course before the filing of a responsive pleading. Doing so does not involve court approval, as opposed to making a motion to drop a party which does involve court approval and which is a procedure specifically covered by Fed. R. Civ. P. 21.[1] The issue of whether a Rule 21 motion is necessary is addressed in both the above cited text in Moore's Federal Practice, which favors allowing the amendment without such a motion, and in 7 Wright, Miller and Kane, Federal Practice and Procedure §1688 (3d ed.) which gathers cases on both sides of the issue.[2]

---

[1] Rule 21 titled "Misjoinder and Nonjoinder of Parties", states in pertinent part: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

[2] In *Soberay Machine & Equipment Co. v. MRF Ltd., Inc.* 181 F. 3d 759 (6th Cir. 1999) the trial court granted a motion for leave to amend a complaint filed six months after the filing of the original complaint where the amendment dropped a non diverse party to achieve diversity. The Sixth Circuit observed that "it makes no difference whether Rule 15 or Rule 21 is used to retain federal diversity jurisdiction over a case." *Id.* at 769.

*See also* Wright, Miller and Kane, supra § 1685 ("Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if the party's presence in the action is not required under Rule 19.")

Although the Amended Complaint was filed as a matter of course before the filing of a responsive pleading, the Court on April 1 made clear that it had granted an oral motion then made for leave to file the Amended Complaint. It was thereby necessarily ruling that the factors determining whether leave to file was appropriate pursuant to Fed. R. Civ. P. 15(a)(2) had been considered and resolved in SIG's favor. Nonetheless, in order to leave no doubt that the Amended Complaint will now effectively serve as the basis for this Court's diversity jurisdiction, SIG is invoking Fed. R. Civ. P 21 and seeking the Court's approval of the dropping and dismissal of all defendants to the original Complaint other than Richard Pfeil.

As the Supreme Court has recognized, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, event after judgment has been rendered." *Grupo Dataflux v. Atlas Global Group, L.P.* 541 U.S. 567, 573, 1 (1999), quoting *Newman Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832, (1989).

Notwithstanding its title referring to misjoinder and nonjoinder, Rule 21 applies even where joinder is not the issue, and it is typically used in the court's discretion to restructure an action by dropping parties whose presence destroys diversity jurisdiction. 4 Moore's Federal Practice §21.05, p. 21-21 to 21-25 (3d ed.). In *Newman Green*, supra, the Court specifically referred to Rule 21 as providing an "exception" to "the general principle that the existence of federal jurisdiction ordinarily depends on the facts as they

exist when the complaint is filed." 109 S. Ct. at 2222. See *Wild v. Subscription Plus, Inc.*, 292 F. 3d 526, 529 (7th Cir. 2002) ("a want of complete diversity can be cured by dropping the party that made diversity incomplete.")

    A.    <u>No prejudice will result from dropping the nondiverse parties</u>

Here, the Court, in exercising its discretion, must recognize that before Mr. Pfeil or any other defendant other than NT was even served, the Amended Complaint addressed any defect regarding diversity jurisdiction and superseded the original Complaint. Other than NT, therefore, no defendant took any action whatsoever with regard to the original Complaint. At this early stage of the litigation there is no conceivable prejudice suffered by these former defendants being dropped. As to them the case has been merely a tree falling in the forest.

Even as to NT, its own motion quickly led to it being dropped as a defendant without it having to expend resources on the merit of the claim. It is certainly not prejudiced by the fact that it is no longer a party.

Nor is Mr. Pfeil, the only remaining defendant to the Amended Complaint, prejudiced by the dropping of the former parties. He must merely defend the suit just as he would have under the original Complaint. The Amended Complaint, like the original Complaint, does not seek to hold him responsible for any amount received by any of the dropped defendants. He is allegedly liable for only what ended up transferred into his own pockets.

    B.    <u>The nondiverse parties are dispensable</u>

For the same reasons, the dismissal of the defendants other than Mr. Pfeil in order to maintain diversity jurisdiction is a dismissal of only nondiverse parties who are dispensable and therefore eligible for dismissal under Rule 21. *Newman Green*, supra.

Whether a dropped party is "dispensable" -- not a "required party" under the newest version of Fed. R. Civ. P. 19(a)[3] – turns on the application of that rule. It calls for joinder

- under Rule 19(a)1(A) if in the person's absence, the court cannot accord complete relief among existing parties. Here SIG is willing to pursue only Pfeil to obtain its measure of complete relief. As alleged in the Amended Complaint (¶15) he received the most of the transferred funds – over $2.6 million. The other non individual entities originally sued, NT, NT Financial, Pfeil Electronics and NCX, LLC, have ceased operations, been dissolved or otherwise failed to maintain their existence. Id. ¶18. There is no need as a practical matter for them to remain in the litigation, and SIG is willing to accept that relief will come only from what is owed by Pfeil.

- under Rule 19(a)1(B) if the person claims an interest relating to the subject of the action and is so situated that disposing of it in his absence may as a practical matter impair or impede his ability to protect that interest or leave an existing party subject to multiple or inconsistent obligations because of the interest. Here the dropped parties have no interest in the first place in whether Pfeil is liable for profits which were transferred to him in order to hinder SIG as a potential judgment creditor. Those dropped parties – four of whom do not even maintain their existence -- could only conceivably have an interest in an action that seeks the funds they received. In suing only Pfeil for only what Pfeil received, SIG is foregoing any such claims.

## **CONCLUSION**

In order to leave no doubt that the Amended Complaint effectively preserves diversity jurisdiction against defendant Pfeil, the court should grant SIG's motion that the parties dropped from the original Complaint are dismissed pursuant to Fed. R. Civ. P. 21.

---

[3] As explained in the Committee Note, the restyling of the language of Rule 19 discarded the word "indispensable" as the conclusion reached requiring dismissal of an action due to the inability to join a party whose joinder was necessary to satisfy the requirements of Rule 19(a).

8

Dated: May 9, 2008

    /s/ Warren von C. Baker
One of the Attorneys for Plaintiff

Warren von C. Baker (0099406)
Gregory Hosé (6291642)
DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive, Suite 3700
Chicago, Illinois  60606-1698
Tel. 312 569 1000
Fax 312 569 3000

Larry H. Spector
KAUFMAN, COREN & RESS, P.C.
1717 Arch Street, Suite 3710
Philadelphia, PA  19103-2097
(215) 735 8700
(Pro hac vice)
Attorneys for Plaintiff,
Susquehanna International Group, LLP